United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

VERNON,

Plaintiff,

v.

LAMARQUE,

Defendant.
_____________________________________/

No. C00-03311 MJJ

**ORDER GRANTING PETITIONER'S MOTION TO FILE SECOND AMENDED PETITION FOR WRIT OF HABEAS CORPUS AND GRANTING PETITIONER'S MOTION TO STAY**

## INTRODUCTION

Before the Court are two motions: (1) Petitioner's Motion To File a Second Amended Petition For Writ Of Habeas Corpus; and (2) Petitioner's Motion To Hold Proceedings In Abeyance To Allow Exhaustion Of Additional Claims. (Docket No. 17.) For the following reasons, the Court **GRANTS** both Motions.

## BACKGROUND

### A. Procedural Background.

Pursuant to 28 U.S.C. § 2254, Petitioner filed a Petition for Writ of Habeas Corpus ("Original Petition") on September 12, 2000 that contained both exhausted and unexhausted claims. (Docket No. 1.) On October 30, 2000, the Court dismissed the Original Petition based on the habeas exhaustion doctrine. *See Rose v. Lundy*, 455 U.S. 503 (1982). (Docket No. 2.) The Court issued its order without prejudice, allowing Petitioner to file a new petition after Petitioner's post-conviction proceedings concluded in state court. *Id*. On November 7, 2001, Petitioner filed a protective memo requesting various rulings and orders aimed at avoiding the danger of accidental untimeliness in the refiling of the petition following the litigation of the unexhausted claims in state court. (Docket No. 4.) On September 4, 2002, the Court denied the requests in the protective motion and ordered Petitioner to show cause why the Court should grant Petitioner's request to vacate the Court's

United States District Court
For the Northern District of California

previous dismissal of the Original Petition. (Docket No. 6.)

After two extensions of time, Petitioner filed a response to the Court's Order To Show Cause on November 4, 2002. The response included both an amended petition ("New Petition") that contained only exhausted claims and a request to allow the New Petition to be amended once other claims were exhausted in state court. (Docket No. 11.) The Court did not respond to Petitioner's New Petition.

On May 8, 2003, Petitioner filed a First Amended Petition ("First Amended Petition"), a memorandum accompanying the First Amended Petition, and additional exhibits. (Docket No. 14, 15 & 16.) The Court did not respond to Petitioner's First Amended Petition. On October 24, 2007, Petitioner filed both an Application To Permit Filing Of Second Amended Petition And To Hold Proceedings In Abeyance To Allow Exhaustion Of Additional Claims ("Motion") and a Second Amended Petition for Writ of Habeas Corpus ("Second Amended Petition"). (Docket No. 17.)

**B. Factual Background.**

Petitioner, a California prisoner incarcerated at Folsom State Prison, raises six claims in the Second Amended Petition that have been exhausted in state court: (1) jurors committed misconduct by failing to disclose material information during voir dire; (2) jurors committed misconduct by contact and discussions with third parties; (3) prosecutorial misconduct occurred by contact and discussions with jurors; (4) Petitioner's rights were violated by the exclusion of the public, including Petitioner's parents, from voir dire; (5) Petitioner's rights were violated when the trial court refused to substitute other counsel for the second trial; and (6) the evidence was insufficient to convict Petitioner of first-degree murder.

Petitioner requests that the Court stay proceedings while the following four additional claims are exhausted in state court: (1) Petitioner's constitutional rights were violated by the court's imposition of the upper-term sentence on the gun use enhancement; (2) Petitioner's constitutional rights were violated because he was forced to wear a stun belt at trial; (3) the use of the stun belt and other measures at trial constituted excessive courtroom security; and (4) if any claims are deemed

waived, counsel provided ineffective assistance.[1]

## LEGAL STANDARD

The Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *see also Rose v. Hodges*, 423 U.S. 19, 21 (1975).

Federal Rule of Civil Procedure 15, made applicable to habeas proceedings by 28 U.S.C. § 2242, Federal Rule of Civil Procedure 81(a)(2), and Habeas Corpus Rule 11, allows pleading amendments with leave of court any time during a proceeding. *Mayle v. Felix*, 545 U.S. 644, 654-55 (2005) (citing Fed. R. Civ. P. 15(a)). Before a responsive pleading is served, pleadings may be amended "once as a matter of course." *Id.* at 655. Once a pleading is amended, however, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).

The United States Supreme Court has held that a district court may stay mixed habeas petitions to allow the petitioner to exhaust claims in state court. *See Rhines v. Webber*, 544 U.S. 269, 277-78 (2005); *see also Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005) (noting that prisoners may file a "protective" petition in federal court and ask the federal court to stay federal habeas proceedings until the state remedies are exhausted). A stay is only appropriate where the district court has first determined that: (1) there was good cause for the petitioner's failure to exhaust the claims in state court; and (2) that the claims are potentially meritorious. *Rhines*, 544 U.S. at 277.

## ANALYSIS

### I. Petitioner's Exhausted Claims are Legally Cognizable and the First Amended Petition is Properly Before the Court.

Each of Petitioner's six exhausted claims listed in the First Amended Petition raises at least one constitutional violation. (Docket No. 14.) *See Rose*, 455 U.S. at 21. Accordingly, the Court finds that Petitioner's exhausted claims are cognizable when liberally construed. Therefore, the

[1] Petitioner filed a Petition for Writ of Habeas Corpus in the California Supreme Court on October 24, 2007 that included these four unexhausted claims.

United States District Court
For the Northern District of California

Court deems Petitioner's First Amended Petition properly before the Court.

**II. Petitioner's Second Amended Petition May be Filed and Proceedings are Stayed.**

Petitioner seeks to file a Second Amended Petition that includes four unexhausted claims and also to stay proceedings pending the California Supreme Court's decision on the Petition for Writ of Habeas Corpus filed in that court on October 24, 2007. (Docket No. 17.) Petitioner has already amended the petition once "as a matter of course" under Rule 15(a). Therefore, the Second Amended Petition may only be filed "with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Because the Court has not yet issued an Order to Show Cause to the opposing party, and there is neither a responsive pleading nor apparent prejudice to the opposing party, the Court grants Plaintiff leave to file a Second Amended Petition.

The Court next reviews each of Petitioner's unexhausted claims to determine if a stay of the Second Amended Petition is appropriate. Petitioner's first unexhausted claim is that the imposition of the upper-term sentence on the gun use enhancement violated Petitioner's constitutional rights. Petitioner failed to raise this claim in his prior petitions because *Cunningham v. California*, 127 S. Ct. 856 (2007), was not issued until after completion of the state proceedings.[2] Morever, because Petitioner's conviction become final on September 14, 1999 and *Cunningham* may be retroactively applied to March 24, 1999, Petitioner's Sixth Amendment claim under *Cunningham* has potential merit. *See id*. at 864. Therefore, Petitioner has shown both good cause for his failure to raise the claim earlier in state court and that the claim has potential merit under *Rhines*. *See Rhines*, 544 U.S. at 277.

Petitioner's second unexhausted claim is that Petitioner's constitutional rights were violated when he was forced to wear a stun belt at trial. Petitioner and his counsel only recently became aware of this claim. Because this claim was not raised during Petitioner's direct appeal and Petitioner's current counsel is different, the Court finds that Petitioner has good cause to raise this claim now. In addition, the claim is potentially meritorious as a constitutional violation. *See*

---

[2] *Cunningham* holds that aggravating factors that might enhance a defendant's upper-term sentence must be tried before a jury, rather than a judge, and proved beyond a reasonable doubt. *Cunningham*, 127 S. Ct. at 863-64. Petitioner's counsel asserts that if *Cunningham* is applied to Petitioner's case, Petitioner's sentence will be reduced by six years. (Motion at 5.)

*Gonzalez v. Pliler*, 341 F.3d 897, 900-01 (9th Cir. 2003) (stating that a court's decision to use a stun belt during trial may violate a defendant's constitutional rights absent a "compelling reason," such as courtroom security). Therefore, the *Rhines* standard is met. *See Rhines*, 544 U.S. at 277.

Petitioner's third unexhausted claim is that the use of the stun belt and other measures at trial constituted excessive courtroom security. For the same reasons noted above regarding Petitioner's claim that he was forced to wear a stun belt at trial, the Court finds that Petitioner has shown good cause and the claim is potentially meritorious. *Id*.

Petitioner's fourth unexhausted claim is that if any claims are deemed waived, Petitioner seeks to show that his previous counsel on direct appeal provided ineffective counsel.[3] Petitioner's counsel on direct appeal was Kyle Gee. (Docket No. 4.) Mr. Gee did not raise the gun enhancement and stun belt claims. Petitioner's current counsel, Mark R. Vermeulen, did not represent Petitioner on direct appeal. As a result, Petitioner has shown good cause. In addition, the claim is potentially meritorious and the Rhines standard is met. *Id*.

**CONCLUSION**

For the foregoing reasons, the Court **GRANTS** Petitioner's Motion to File Second Amended Petition, and **GRANTS** Petitioner's Motion to Stay.

Petitioner is cautioned that if he wishes to have this Court consider the unexhausted claims, he must properly present his petition to the California Supreme Court within 30 days of the date of any decision by the California Court of Appeal rejecting his claims. Further, if Petitioner wishes to have this Court consider his petition, including the exhausted claims set forth therein, he must file a motion to reopen this action within 30 days of the California Supreme Court's decision rejecting his claims. In the event that any of the new claims Petitioner is exhausting are granted in the California courts, Petitioner shall so notify the Court in a motion to reopen this action, filed in this Court within 30 days of the state court decision.

//

//

[3] Although Petitioner did not include this claim in the Motion, it was raised in the Second Amended Petition, and the Court will address it under the *Rhines* test.

United States District Court
For the Northern District of California

The Clerk shall **ADMINISTRATIVELY CLOSE** this file pending the stay of this action.

**IT IS SO ORDERED.**

Dated: March 3, 2008

MARTIN J. JENKINS
UNITED STATES DISTRICT JUDGE