IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KENNETH VERNON,

        Petitioner,              No. CIV S-08-1499 MCE EFB P

    vs.

ANTHONY LAMARQUE,[1]           FINDINGS AND RECOMMENDATIONS

        Respondent.

_____/

      Petitioner is a state prisoner with counsel seeking a writ of habeas corpus. *See* 28 U.S.C. § 2254. This action proceeds on the March 4, 2008 second amended petition. Currently pending is respondent's March 20, 2009 motion to dismiss and petitioner's April 24, 2009 motion for sanctions.

**I.    Background**

      On September 12, 2000, petitioner commenced this action in the United States District Court for the Northern District of California. Dckt. No. 1. On June 12, 2008, United States District Judge Claudia Wilken transferred the case to this district. Dckt. No. 26. In the transfer order, Judge Wilken also denied respondent's motion to vacate the court's May 2, 2008 order,

_____

[1]  The court hereby substitutes Michael Evans, Warden of the facility where petitioner currently is located, as the respondent. *See* Rule 2(a), Rules Governing § 2254 Proceedings.

which required respondent to file, within 120 days, either an answer or a motion to dismiss petitioner's second amended petition. *Id.* The 120 days passed and respondent did not file an answer or a motion to dismiss.

On March 5, 2009, this court issued an order for respondent to, within 15 days, file an answer or a motion to dismiss, and show cause why sanctions should not be imposed for the failure to timely file a response to the petition. Dckt. No. 31. On March 20, 2009, respondent filed a motion to dismiss claims numbered One, Two, and Eight of the second amended petition on the ground that they were filed beyond the one-year statute of limitations.[2] Dckt. No. 34. Respondent also filed a response to the order to show cause, explaining that respondent's disobedience of the court's order was inadvertent and accidental rather than willful, and based on a miscommunication between the San Francisco and Sacramento offices of the California Attorney General. Dckt. No. 35. On April 22, 2009, the court discharged the order to show cause. Dckt. No. 39.

On April 24, 2009, petitioner filed an opposition to the motion to dismiss, and argued that since the motion to dismiss was filed late, the court should "deem the proposed procedural defenses waived and [] proceed to the merits of the petition," which the court construed as a motion for sanctions. Dckt. No. 40, 41. On May 11, 2009, respondent filed a reply to petitioner's opposition to the motion to dismiss, as well as an opposition to petitioner's motion for sanctions. Dckt. No. 42. On May 18, 2009, petitioner filed a reply to respondent's opposition to the motion for sanctions. Dckt. No. 43.

The court will first address petitioner's motion for sanctions, as a ruling in petitioner's favor would preclude the court from reaching the issues presented in respondent's motion to

---

[2] Claims One and Two of the second amended petition are that "Petitioner's Constitutional Rights Were Violated When He Was Forced To Wear A Stun Belt At Trial" and that "The Use Of The Stun Belt And Other Measures At Trial Constituted Excessive Courtroom Security." Dckt. No. 20 at 6, 9. Claim Eight of the second amended petition is that "The Imposition Of The Upper Term Sentence On The Gun Use Enhancement Violated Petitioner's Constitutional Rights." *Id.* at 14.

1    dismiss.

2    **II.    Petitioner's Motion for Sanctions**

3           Petitioner argues that "[i]n habeas litigation, when the State misses a filing deadline or

4    fails to timely assert a position, . . . the State's procedural defenses are to be deemed waived or,

5    in rare instances, a default judgment may be imposed." Dckt. No. 40 at 2.  Therefore, petitioner

6    proposes that the court "deem the State's procedural defenses waived, deny the motion to

7    dismiss on this basis, order the State to file an answer to the petition, and proceed on the merits."

8    *Id.* at 3.

9           While a court may, in its discretion, disregard the State's untimely response to a habeas

10   petition or find that the State waives certain procedural defenses, the court finds that such

11   sanctions would be inappropriate here.  *See, e.g., Bleitner v. Welborn*, 15 F.3d 652, 653 (7th Cir.

12   1994) (where government's "willful" refusal to file a response nears point of a due process

13   violation, "the district court, rather than entering a default judgment, ordinarily should proceed

14   to the merits of the petition"); *Stines v. Martin*, 849 F.2d 1323, 1325 (10th Cir. 1988) ("When the

15   Government failed to respond to the petition for habeas corpus relief, the district court was

16   entitled to invoke a sanction appropriate to the circumstances."); *Frick v. Quinlin*, 631 F.2d 37,

17   40 (5th Cir. 1980) (district court free to disregard untimely response to habeas petition).

18          In this case, respondent's counsel indicates that he was unaware of his obligation to file a

19   response to the petition because the San Francisco branch of the Office of the California

20   Attorney General failed to notify the Sacramento branch of this case and of the order requiring a

21   response to the petition.  Dckt. No. 35 (Decl. of B. Smiley), ¶ 3.  The court notes that the State's

22   apparent inability to properly calendar and comply with deadlines is not an isolated occurrence.[3]

23

24          [3] The irony of first failing to timely respond to the petition, and then responding
     belatedly with a motion that the petition is untimely is self-evident.  So, too, is the standard to
25   which government practitioners should hold themselves and it should require no reminder that
     more is expected of the state's lawyers.
26

*See, e.g., Jackson v. Hornbeak*, No. Civ. 2:08-cv-1753 WBS EFB, Docket No. 31, 34 (respondent failed to appear for hearing on his own motion because counsel failed to calendar the hearing date); *Infante v. Haviland*, No. Civ. 2:09-cv-0251 GEB EFB, Docket No. 15 (respondent failed to timely file response to petition, apparently due to counsel's "confusion" and failure to calendar due date); *McCoy v. Horrel*, No. 2:08-cv-0793 JAM EFB, Docket No. 16 (respondent failed to timely file answer to petition because of "oversight" in assigning cases). While the court in no way condones respondent's tardiness, the court must also keep in mind that "a sanction should be proportionate to the wrong." *Bleitner*, 15 F.3d at 653. Here, the requested sanction is simply not proportionate to respondent's wrong. Precluding respondent from moving to dismiss claims as time-barred by more than four years would not be proportionate to respondent's inadvertent failure to file a timely response, followed by a timely return to the court's order to show cause, accompanied by a response to the petition. Therefore, petitioner's motion for sanctions should be denied.

**III.    Respondent's Motion to Dismiss**

Respondent moves to dismiss claims numbered One, Two, and Eight of the second amended petition on the ground that they are untimely. Petitioner opposes, arguing that he is entitled to statutory and equitable tolling, and that the "law of the case" doctrine requires a finding that the claims are timely. For the reasons stated, the courts recommends that respondent's motion to dismiss be granted.

---

We have also recognized, however, that "'[i]t is no less good morals and good law that the Government should turn square corners in dealing with the people than that the people should turn square corners in dealing with their government.'" *Heckler v. Community Health Services of Crawford Cty., Inc.*, 467 U.S. 51, 61, n. 13 (1984) (quoting *St. Regis Paper Co. v. United States*, 368 U.S. 208, 229 (1961) (Black, J., dissenting)). See also *Federal Crop Ins. Corp. v. Merrill*, 332 U.S. 380, 387-388 (1947) (Jackson, J., dissenting) ("It is very well to say that those who deal with the Government should turn square corners. But there is no reason why the square corners should constitute a one-way street").

*United States v. Winstar Corp.*, 518 U.S. 839, 886, n.31 (1996).

4

### A. Procedural History (State Court Proceedings)

On April 4, 1997, petitioner was sentenced by the San Joaquin County Superior Court for his conviction of first degree murder with the use of a firearm. Resp.'s Mot. to Dism., Docs. Lodged in Supp. Thereof ("Lodged Doc.") 1. Petitioner received a determinate state prison term of ten years followed by an indeterminate term of 25 years to life. Dckt. No. 20 at 2. On March 8, 1999, the California Court of Appeal, Third Appellate District, affirmed the judgment. *Id.* at 2-3. Petitioner sought review in the California Supreme Court which was denied on June 16, 1999. *Id.* at 3. Petitioner, proceeding through counsel, subsequently filed four state post-conviction collateral challenges.

On September 11, 2000, petitioner filed a petition for writ of habeas corpus in the San Joaquin County Superior Court, which was denied on October 1, 2001. Dckt. No. 13, Ex. C. On December 13, 2001, petitioner filed a petition for writ of habeas corpus in the California Court of Appeal, Third Appellate District, which was denied on January 10, 2002. Lodged Docs. 7, 8. On January 15, 2002, petitioner filed a petition for writ of habeas corpus in the California Supreme Court, which was denied on April 9, 2003. Lodged Docs. 9, 10. On October 24, 2007, petitioner filed another petition for writ of habeas corpus in the California Supreme Court which was denied on April 23, 2008. Lodged Docs. 11, 12.

### B. Procedural History (Federal Court Proceedings)

The assigned district judge while the case was pending in the Northern District of California accurately summarized the procedural history of this action in the March 4, 2008 order granting petitioner leave to amend and a stay.

> Pursuant to 28 U.S.C. § 2254, Petitioner filed a Petition for Writ of Habeas Corpus ("Original Petition") on September 12, 2000 that contained both exhausted and unexhausted claims. (Docket No. 1.) On October 30, 2000, the Court dismissed the Original Petition based on the habeas exhaustion doctrine. *See Rose v. Lundy*, 455 U.S. 503 (1982). (Docket No. 2.) The Court issued its order without prejudice, allowing Petitioner to file a new petition after Petitioner's post-conviction proceedings concluded in state court. *Id.* On November 7, 2001, Petitioner filed a protective memo requesting various rulings and orders aimed at avoiding the danger of accidental untimeliness in the refiling

of the petition following the litigation of the unexhausted claims in state court. (Docket No. 4.) On September 4, 2002, the Court denied the requests in the protective motion and ordered Petitioner to show cause why the Court should grant Petitioner's request to vacate the Court's previous dismissal of the Original Petition. (Docket No. 6.)

After two extensions of time, Petitioner filed a response to the Court's Order To Show Cause on November 4, 2002. The response included both an amended petition ("New Petition") that contained only exhausted claims and a request to allow the New Petition to be amended once other claims were exhausted in state court. (Docket No. 11.) The Court did not respond to Petitioner's New Petition.

On May 8, 2003, Petitioner filed a First Amended Petition ("First Amended Petition"), a memorandum accompanying the First Amended Petition, and additional exhibits. (Docket No. 14, 15 & 16.) The Court did not respond to Petitioner's First Amended Petition. On October 24, 2007, Petitioner filed both an Application To Permit Filing Of Second Amended Petition And To Hold Proceedings In Abeyance To Allow Exhaustion Of Additional Claims ("Motion") and a Second Amended Petition for Writ of Habeas Corpus ("Second Amended Petition"). (Docket No. 17.)

Dckt. No. 18 at 1-2. The court granted petitioner's motion to file a second amended petition and to stay this action while petitioner exhausted additional claims in state court. *Id.* at 5-6. Thereafter, petitioner filed a motion to reopen this action after the state court exhaustion proceedings had concluded. Dckt. No. 22. On May 2, 2008, the court granted petitioner's request and ordered respondent to file a response to the March 4, 2008 second amended petition, which raised, for the first time in this court, the three claims that are now the subject of respondent's motion to dismiss.[4] Dckt. No. 23. *See also* Dckt. No. 20.

### C. Statute of Limitations

A one-year limitations period for seeking federal habeas relief begins to run from the latest of the date the judgment became final on direct review, the date on which a state-created impediment to filing is removed, the date the United States Supreme Court makes a new rule retroactively applicable to cases on collateral review or the date on which the factual predicate of

---

[4] The second amended petition was actually received by the court on October 24, 2007, and that is the date the court uses for its statute of limitations analysis. *See* Dckt. No. 17, 20. It was simply not docketed as a second amended petition until March 4, 2008, when the court granted petitioner leave to file it. *See* Dckt. No. 18, 20.

a claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1).

There is no statutory tolling of the limitations period "from the time a final decision is issued on direct state appeal [to] the time the first state collateral challenge is filed . . . ." *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999). However, once a petitioner properly files a state post-conviction application the period is tolled, and remains tolled for the entire time that application is "pending." 28 U.S.C. § 2244(d)(2). "[A]n application is '*properly* filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). In California, a properly filed post-conviction application is "pending" during the intervals between a lower court decision and filing a new petition in a higher court. *Carey v. Saffold*, 536 U.S. 214, 223 (2002). A federal habeas application does not provide a basis for statutory tolling. *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001).

The limitations period may be equitably tolled where a habeas petitioner establishes two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). In light of this pronouncement, the Ninth Circuit has reiterated that the threshold necessary to trigger equitable tolling is very high, and clarified that equitable tolling only applies where a petitioner shows that despite diligently pursuing his rights, some external force *caused* the untimeliness. *Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1011 (9th Cir. 2009).

Petitioner has the burden of showing facts entitling him to statutory and equitable tolling. *Smith v. Duncan*, 297 F.3d 809, 814 (9th Cir. 2002); *Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002).

### D. Analysis

In this case, the statute of limitations began to run when petitioner's conviction became final on direct review. *See* 28 U.S.C. § 2244(d)(1)(A). The California Supreme Court denied review on June 16, 1999. Dckt. No. 20 at 3. The conviction became "final" within the meaning

of section 2244(d)(1)(A) when the time for filing a petition for writ of certiorari expired ninety

days later, on September 14, 1999. Supreme Ct. R. 13; *Bowen v. Roe*, 188 F.3d 1157, 1158-59

(9th Cir. 1999). The one-year limitations period commenced running the following day.

*Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001). Thus, petitioner had until September

14, 2000 to file his federal habeas petition. However, petitioner did not file claims One, Two,

and Eight of the second amended petition until October 24, 2007. *See* Dckt. No. 20 at 1, 6 n.4.

Absent tolling, these claims were filed over seven years after the limitation period ended.

The statute of limitations ran for a total of 363 days, from September 15, 1999 until

September 11, 2000, when petitioner filed his first state petition. Dckt. No. 13, Ex. C. The court

will assume, without deciding, that the limitation period was statutorily tolled from September

11, 2000, until April 9, 2003, the date that the state supreme court denied petitioner's third state

petition. Lodged Doc. 10. With these 940 days of statutory tolling, the limitation period would

have been extended from September 14, 2000, to April 14, 2003.[5] Petitioner did not raise

claims One, Two and Eight of the second amended petition until October 24, 2007, four years

after the deadline expired. Unless petitioner can show he is entitled to equitable tolling of the

limitation period, these claims are barred.

Petitioner points to the docket in this action, and asserts that "[a]s a result of these

proceedings, all the claims set forth in the *Second Amended Petition* are timely and are properly

before the Court." Dckt. No. 40 at 14. How the proceedings in this action could have caused the

three claims filed over four years after the limitation period had expired to be timely, is lost on

the court. Petitioner's argument seems to rest on language contained in an order issued by the

court on September 4, 2002. *See id.* at 13. That order denied petitioner's requests for tolling of

the limitation period and ordered him to show cause why his request to vacate the court's

previous order dismissing the original petition should be granted. Dckt. No. 6. The court also

---

[5] The limitations period would have expired Saturday, April 12, 2003. However,
petitioner did not have to file until Monday, April 14, 2003. *See* Fed. R. Civ. P. 6(a)(1)(C).

noted:

> Under § 2244(d)(2) tolling ends thirty days after the Supreme Court of California's denial of the final *habeas* petition is filed because that is when the denial becomes "final" under California Rule of Court 24. *Bunn[e]y v. Mitchell*, 262 F.3d 973, 974 (9th Cir. 2001). Therefore, [petitioner] has 32 days to file his second *habeas* petition after exhausting his state remedies.

*Id.* at 3. When the court issued this order, Rule 24 of the California Rules of Court provided that the California Supreme Court's denial of a habeas petition became final thirty days after the order was filed. *See Bunney*, 262 F.3d at 974. On January 1, 2003, that rule was replaced by Rule 29.4(b)(2)(C), which provided that the denial becomes final on the date of filing.[6] To the extent petitioner argues that the then correct statement of the law contained in the September 4, 2002 order causes his claims, filed *five years* later and after a change in the law, to be timely, he is incorrect. Nor does the fact that the court granted petitioner's unopposed motion to file a second amended petition and to stay the action pending exhaustion mean that the claims raised therein were necessarily timely. *See* Dckt. No. 18. Additionally, petitioner's assertion that the "law of the case" doctrine requires a finding of timeliness is simply mistaken. Neither this court nor the Northern District of California when it granted leave to amend has ever found that the three claims in issue were (or would be) timely.[7] *See* Dckt. No. 40 at 14. The order granting leave to amend did not address at all whether the claims would or would not be time-barred or otherwise futile and in no way foreclose the issues presented here.

Finally, petitioner contends, in a one-sentence argument, that "in light of the previous federal proceedings and the District Court's rulings during the exhaustion process," equitable tolling is appropriate. *Id.* Equitable tolling is applicable only if extraordinary circumstances

---

[6] Effective January 1, 2007, Rule 29.4 was renumbered as Rule 8.532(b)(2)(C).

[7] The "law of the case" doctrine provides that the decisions on legal issues made in a case "should be followed unless there is substantially different evidence at a subsequent trial, new controlling authority, or the prior decision was clearly erroneous and would result in injustice." *Handi Investment Co. v. Mobil Oil Corp.*, 653 F.2d 391, 392 (9th Cir. 1981); *see also Waggoner v. Dallaire*, 767 F.2d 589, 593 (9th Cir. 1985), *cert. denied*, 475 U.S. 1064 (1986).

beyond a prisoner's control make it "impossible to file a petition on time." *Ramirez v. Yates*, 571 F.3d 993, 997 (9th Cir. 2009) (internal quotations omitted). Specifically, the prisoner must show that the extraordinary circumstances were the cause of his untimeliness. *Id.* (quoting *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003)). Petitioner cites to *Harris v. Carter*, 515 F.3d 1051 (9th Cir. 2008), where the court found that the petitioner

> relied in good faith on then-binding circuit precedent in making his tactical decision to delay filing a federal habeas petition. [Petitioner's] failure to file a timely petition is not the result of oversight, miscalculation or negligence on his part, all of which would preclude the application of equitable tolling.

515 F.3d at 1055. Petitioner fails to articulate how this court's rulings led to his multi-year delay in raising the three claims in issue. Nor does petitioner direct the court to any other rulings or holdings that he relied upon during the relevant time period that would bring his case within the framework of *Harris*. Petitioner has not shown that despite diligently pursuing his rights, some external force caused his untimeliness. Therefore, petitioner is not entitled to equitable tolling. *See Waldron-Ramsey*, 556 F.3d at 1011.

**IV.     Conclusion**

Accordingly, it is hereby RECOMMENDED that:

1.  Petitioner's April 24, 2009 motion for sanctions be denied.

2.  Respondent's March 20, 2009 motion to dismiss claims One, Two, and Eight of the second amended petition as barred by the statute of limitations, be granted.

3.  Respondent be directed to file and serve an answer, and not a motion, in response to petitioner's application, as limited herein, within 60 days, and accompanied by any and all transcripts or other documents relevant to the determination of the issues presented in the application. *See* Rules 4, 5, Fed. R. Governing § 2254 Cases.

4.  Petitioner be directed that his reply, if any, be filed and served within 30 days of service of an answer.

////

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: February 19, 2010.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE